# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>THOMAS S. JESSAMEY,<br><br>                 Debtor | Chapter 13<br>Case No. 04-13834-RS |
| THOMAS S. JESSAMEY,<br><br>                 Plaintiff<br><br>v.<br><br>TOWN OF SAUGUS,<br><br>                 Defendant | Adversary Proceeding<br>No. 04-1376-RS |

## MEMORANDUM OF DECISION AND ORDER ON
## <u>CROSS-MOTIONS FOR JUDGMENT ON THE PLEADINGS</u>

This matter is before the Court on cross-motions for judgment on the pleadings filed in an adversary proceeding in the within Chapter 13 case. In the adversary proceeding, the Debtor and Plaintiff, Thomas S. Jessamey, seeks damages and costs against the Town of Saugus for the Town's alleged breach of the protections afforded the Debtor under sections 362(a) (the automatic stay) and 525(a) (protection against discriminatory treatment by governmental entities) of the Bankruptcy Code. The Town seeks judgment on the pleadings as to both counts, the Debtor only as to the count for breach of the automatic stay. The Court's decision reaches the merits only of the count for breach of the automatic stay, holding that, while neither party is entitled to judgment on the pleadings, the Plaintiff has at least stated a claim on which relief can be granted.

**Jurisdiction and Standard of Review**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(a)-(b) and § 157(a). This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A).

Like summary judgment under Rule 56, judgment on the pleadings under Rule 12(c) is warranted where there exist no genuine issues of material fact and the moving party establishes that it is entitled to judgment as a matter of law. For these purposes, the Court accepts as true the material allegations of the opposing party and all uncontested allegations as to which the parties had an opportunity to respond, drawing all reasonable inferences in the opposing party's favor. *Chagnon v. Town of Salisbury*, 901 F.Supp. 32, 34 (D.Mass. 1995); *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991); *Lovell v. One Bancorp*, 690 F.Supp. 1090, 1096 (D.Me. 1988). *See* FED. R. CIV. P. 12(c), made applicable by FED. R. BANKR. P. 7012(b).

**Factual Background**

The Debtor alleges as follows. On May 6, 2004, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code. At that time, the Debtor owed a past-due motor vehicle excise tax to the Town, and, as a consequence of that delinquency and pursuant to state law, the Town had notified the state registry of motor vehicles (the "Registry") of that nonpayment. Immediately upon such notification, the Registry became obligated under Massachusetts law, G.L. c.60A, §2A, not to renew the Debtor's car registration until the Town notified the Registry that the matter of such nonpayment had been disposed of "in accordance with law."

After the commencement of the Chapter 13 case, the Debtor visited the Registry in August 2004 to renew his car registration. The Registry declined to issue the registration renewal, citing the Town's notice of nonpayment and the resulting "hold" on renewal that had

2

been put in place prepetition. During the ensuing weeks the Debtor, directly and through his lawyer, tried without success to obtain the registration renewal, citing his pending bankruptcy case. The Town declined to provide the requisite notice to the Registry to permit the release of the hold until mid-December 2004 and did so only after (a) the Town had filed a proof of claim for the unpaid tax in the Chapter 13 case; (b) the Debtor had filed an amended Chapter 13 plan providing for payment of the unpaid excise tax; and (c) the Chapter 13 Trustee had submitted a proposed confirmation order (ultimately entered by the Court) as to the amended plan. Only then did the Town relent, sending the requisite notice to the Registry, whereupon the Registry released the hold and renewed the Debtor's car registration. As a result of the Town's postpetition delay in releasing the hold, the Debtor was deprived of the ability to use his car during the period from August through December 2004. For that deprivation, the Debtor seeks damages.

In its answer to the complaint, the Town either denies or puts the Debtor to his proof as to most of the facts recited above. At the hearing on the present motions, the Town nonetheless represented that the facts are "not really much in dispute." This statement, though perhaps intended to assure the Court that the parties were sufficiently in agreement on the facts to permit judgment on the agreed facts, nonetheless leaves unclear whether and precisely where there remains disagreement on the facts. Accordingly, the Court will continue to treat the above facts as substantially in dispute, as they are in the pleadings.

### Town's Motion as to Count for Violation of 11 U.S.C. § 525(a)

The Town seeks judgment on the pleadings as to the Debtor's count under 11 U.S.C. § 525(a). In relevant part, § 525(a) states that "a governmental unit may not deny, revoke, suspend, or refuse to renew a license permit, . . . or other similar grant to . . . a person that is or has been a

3

debtor under this title . . . solely because such bankrupt or debtor is or has been a debtor under this title . . . or has not paid a debt that is dischargeable in the case under this title." 11 U.S.C. § 525(a).  In his count under this section, the Debtor alleges that the Town refused to renew his registration after his bankruptcy filing "because he had not paid a debt that arose before the commencement of his bankruptcy case and that was dischargeable under Chapter 13 of the Bankruptcy Code."  The Town contends that it is entitled to judgment on the pleadings on this count because the complaint itself states that the Town refused to renew the Debtor's registration in part because he had not made satisfactory arrangements for payment of that debt, and therefore not *solely* because he had not paid a prepetition debt.  In response, at the hearing on this motion, the Debtor clarified that he was alleging that the Town acted solely because the Debtor had not paid a prepetition dischargeable debt.

Especially in view of this clarification, the Court is satisfied that the Debtor has alleged that the Town acted *solely* because the Debtor had not paid a prepetition debt.  I need not decide whether this allegation materially contradicts others in the complaint; even if it does, the Debtor is free to plead in the alternative, and, for purposes of this motion, I am bound to accept the allegations of the complaint as true.  Therefore, the Town's motion for judgment on the pleadings must be denied as to this count.

### Debtor's Motion for Judgment on the Pleadings

The Debtor seeks judgment on the pleadings only as to his count for violation of the automatic stay.  The Town having denied or put the Debtor to his proof as to most of the operative facts of this count, the Court must deny the motion.

4

**Town's Motion as to Count for Violation of the Automatic Stay**

The Town, too, has moved for judgment on the pleadings as to the Debtor's count for violation of the automatic stay. In order to recover damages for violation of the automatic stay, the Debtor must prove that the creditor violated the automatic stay, that such violation was willful, and that it resulted in injury. 11 U.S.C. § 362(h). Here, the Town challenges only the requirement of a violation of the automatic stay. The Town argues that the Debtor's allegations, even if true, do not amount to a violation of the automatic stay.

The automatic stay is one of the principal benefits and protections afforded debtors in bankruptcy cases. 11 U.S.C §362. *In re Soares*, 107 F3d 969, 975 (1st Cir. 1997); *In re Jamo*, 283 F3d 392, 398 (1st Cir. 2002); *In re Diamond*, 346 F3d 224, 227 (1st Cir. 2003). Though commonly referred to as the automatic "stay," it is not one stay but the collection of eight specific stays enumerated in 11 U.S.C. § 362(a). The Debtor's amended complaint alleges that the Town's postpetition refusal to release its hold violated three parts of the stay: first, it constituted an act to collect, assess, or recover a prepetition debt from the Debtor, in violation of § 362(a)(6); second, it constituted the continuation of an action or proceeding against the Debtor that was or could have been commenced before the commencement of the bankruptcy case in order to recover a claim against the debtor that arose before the commencement of the case, in violation of § 362(a)(1); and third, it constituted an act to exercise of control over property of the estate, the Debtor's automobile, in violation of § 362(a)(3). See Amended Complaint, ¶ 24. The Town argues that, for three reasons, the alleged conduct of the Town did not violate any one of these three parts of the stay. For the reasons set forth below, I find each argument unavailing and hold that the complaint states a claim for violation of the stay.

Case 04-01376 Doc 31 Filed 08/24/05 Entered 08/25/05 10:15:45 Desc Main
Document Page 6 of 12

### a. No Affirmative Act

First, the Town notes that, after the filing of the bankruptcy petition, it literally did nothing by way of collection activity; it neither commenced nor continued any proceeding or action to collect the tax. As the complaint alleges, the hold had been put in place before the Debtor filed his bankruptcy petition. After the bankruptcy filing, the Town took no affirmative act to perpetuate or enforce it; the hold continued in effect automatically. The Town merely held fast against releasing the hold, but this was not an "act" or the "continuation of an action or proceeding" within the meaning of the parts of the automatic stay at issue. The Town argues that each of the applicable parts of the stay requires an affirmative act, not merely a failure or refusal to act, even if the effect of non-action is coercive. The Town points out that a creditor that prepetition obtained a judicial lien is not required by the automatic stay to release that lien, even though the lien was obtained to collect a debt and enhances the creditor's power to collect the debt; likewise, the Town argues, it is not required by the stay to take affirmative steps to undo what was put in place prepetition.

The Debtor responds that the Town's refusal to remove the hold violated the automatic stay in two ways. First, the Town's continued enforcement of its hold was an "act" within the meaning of § 362(a)(6) (staying any "act to collect, assess, or recover a claim"). In support of this position and in direct opposition to the Town's, the Debtor contends that when a passive omission leaves or continues in effect a prepetition mechanism to recover a claim, it can be as effective and hence as prohibited by § 362(a)(6) as an affirmative act.[1] Second, the Debtor

---

[1] For this proposition, the Debtor cites *In re Miller*, 22 B.R. 479, 481 (D. Md. 1982) (bank's inaction in failing to return automobile repossessed postpetition without knowledge of bankruptcy filing was itself a violation of the stay); *In re Aponte*, 82 B.R. 738, 743 (Bankr.E.D.Pa.1988) ("[C]reditor inaction can often be as disruptive to the debtor as affirmative collection efforts. . . . Thus inaction can be a basis for the imposition of damages under §

argues that the Town's continued enforcement of its hold was the continuation of a "proceeding" to recover a claim within the meaning of § 362(a)(1); in connection with this argument, the Debtor contends that the procedures established by Massachusetts law, at G.L. c 60A, § 2A, and used here by the Town to block the Debtor's renewal of his license until he satisfied his excise tax obligation, are a proceeding for purposes of § 362(a)(1).[2]

The Court begins by understanding the state statute that is at the heart of this controversy. Like many states, Massachusetts has fashioned a process whereby the state assists local municipalities in collecting past due motor vehicle excise taxes by empowering municipalities to prevent car license and car registration renewals absent payment or other legal disposition of such taxes. The relevant statute provides as follows:

> Upon receipt of . . . notification of non-payment [of an excise tax] the registrar shall place the matter on record and not renew the license to operate a motor vehicle of the registered owner of said vehicle or the registration of said vehicle . . . until after notice from the local tax collector or the commissioner of revenue that the matter has been disposed of in accordance with law.

G.L. c. 60A, §2A. The clear purpose of the statute is the collection of past due excise taxes.[3] The statute creates a simple blocking or withholding mechanism. By notifying

---

362(h)."); and *In re Outlaw*, 66 B.R. 413 (Bankr.E.D.N.C. 1986) (automatic stay obliged creditor to put a halt to the execution process which he had set in motion prior to the filing of the bankruptcy petition; "Creditor inaction can be as disruptive to a debtor as affirmative collection efforts.").

[2] The Debtor relies on Judge Votolato's decision in *In re Duke*, 167 B.R. 324 (Bankr.D.R.I. 1994), wherein the Court held that the state's postpetition continuation of the prepetition suspension under state law of the license of a motor vehicle accident judgment debtor was a collection device and therefore a violation of § 362(a)(1).

[3] The Town makes no argument (nor could it credibly do so) that the Registry's hold on the Debtor's car registration renewal constitutes a police or regulatory power exercise. The hold is, and is understood and intended as, a debt collection device. To argue otherwise would be to

the registrar that an individual has failed to pay certain excise taxes, a municipality essentially blocks, or places a hold on, the individual's ability to renew his or her driver's license or motor vehicle registration until the municipality further notifies the registrar that "the matter has been disposed of in accordance with law."[4] The blocking mechanism becomes effective upon the local tax collector's initial notification of nonpayment, and it remains effective until, by further notice, the local tax collector discontinues it.

I find that the mechanism established by § 2A of Massachusetts General Laws Chapter 60A constitutes a debt collection program designed by the state and implemented jointly by the state and local municipalities. The Court is persuaded that, when a municipality issues to the registrar a notice of nonpayment under that section, it institutes an "action or proceeding" to recover a claim within the meaning of § 362(a)(1); that the postpetition continuation of such an action or proceeding is a violation of § 362(a)(1) (enjoining "the continuation" of an action or proceeding); and that the continued blocking of access to motor vehicle privileges is also a stayed "act" under § 362(a)(6). In so ruling, I reject the Town's argument that there can be no violation of the stay without an affirmative act on the part of the creditor. This argument is somewhat disingenuous. Blocking and withholding are acts, whether they require the lifting of a finger or not (by

---

characterize financially distressed drivers as *per se* unsafe or otherwise in need of special regulation.

[4] The Town contends that the disposition "in accordance with law" of an unpaid excise tax owed by a bankruptcy debtor means actual payment or a payment arrangement acceptable to the Town. I need not determine the precise meaning of this phrase, because (1) the Debtor is complaining of a violation of the automatic stay, not of the state law, and (2) regardless of the options available to the Town under that phrase, the statutory process remains a debt collection process that, as such, is stayed by the automatic stay and superseded by the bankruptcy case and its attendant procedures.

8

automatic continuation). Where a collection mechanism was set in motion before the bankruptcy filing, postpetition "inaction" is more properly understood as an extension into the postpetition era of the collection campaign commenced prepetition. Under the state statute and the facts alleged, the Town had the power to effectuate the release of the hold and elected not to do so.[5] Under the facts alleged, the Town continued to block or withhold the Debtor's motor vehicle privileges postpetition, using the hold on registration as a powerful collection tool for the Town and a powerful payment incentive for the Debtor. This is precisely the outcome that § 362 is designed to prevent. The complaint thus alleges a violation of the automatic stay. In short, the postpetition blocking or withholding of privileges pursuant to G.L. c. 60A, § 2A, is a violation of the automatic stay where it is done without prior relief from the automatic stay.

Effectively, this holding construes the automatic stay to require creditors to take action to discontinue collection proceedings that were commenced prepetition where the effect of failing to act would be to permit those proceedings to continue postpetition. In so holding, I follow the cases cited by the Debtor to the same effect.[6] It is true, as the Town contends, that a judicial lienholder is not obligated by the automatic stay to release its lien, but only because the lien is itself a property interest belonging to the lienholder. Here, the Town's release of the hold would not effectively divest it of a property interest. Nor can the Town seriously contend that the stay does not require the immediate

---

[5] Not cited by the Town are the provisions of G.L. c. 60A. § 7, which contemplates the abatement and discharge of an excise tax from collection under the statute where the tax is "uncollectible . . . by reason of . . . the bankruptcy . . . of the person assessed to pay."

[6] See footnotes 1 and 2 above. See also *In re Parry*, 2005 WL 1939667 (Bankr.E.D.N.Y. 2005) (creditor violated the automatic stay by failing to take the necessary steps to discontinue its collection activity).

discontinuation of proceedings commenced prepetition, even where that requires affirmative action, such as by terminating a court proceeding, a foreclosure sale, or a sheriff's sale already set in process.

### b. Exception to Automatic Stay: § 362(b)(9)

Next, the Town contends that even if, notwithstanding its inaction, the postpetition continuation of the hold was an act or continued action or proceeding within the meaning of § 362(a), it was not a violation of the stay because it fell within the exception from the automatic stay set forth in § 362(b)(9) for certain tax-related actions. The Town contends that its action was protected as a demand for payment of a tax. See 11 U.S.C. § 362(b)(9)(D) (excepting from the stay "the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment").[7]

Of course, this argument misses the point. The Debtor has not complained about, and seeks no remedy for, the Town's *demand* for payment. Rather, the Debtor complains that the stay was violated by the Town's *enforcement* of the demand by the coercive pressure of the hold.

### c. Exclusion of the Excise Tax from Discharge

Third, the Town cites section 1328(b) of the Bankruptcy Code, the so-called hardship discharge in Chapter 13, under which the excise tax would be excepted from discharge. Here too, the argument is misplaced. The matter at issue is an alleged

---

[7] The Town does not cite the specific language in § 362(b)(9) on which it is relying. The Court surmises that the Town is relying on the quoted language, it being the only language in subsection (b)(9) concerning demands for payment.

10

violation of the automatic stay, not of the discharge injunction. The dischargeability of this debt is irrelevant to whether the postpetition continuation of the hold violated the automatic stay.[8] The Town has cited no connection of one to the other.

### d. Conclusion

For these reasons, the Court concludes that, in his count for violation of the automatic stay, the Debtor has alleged facts that, if proven, would constitute a violation of automatic stay. Accordingly, the Debtor has not failed to state a claim for which relief can be granted, and the Town's motion for judgment on the pleadings must be denied.

---

[8] The Debtor properly distinguishes Judge Feeney's thorough and well-reasoned decision in *In re Appugliese*, 210 B.R. 890 (Bankr.D.Mass. 1997). There the matter involved (a) a Chapter 7 case, (b) a discharge injunction violation, and (c) a non-dischargeable excise tax. Here, the matter involves (a) a Chapter 13 case, (b) a § 362 stay violation, and (c) a dischargeable excise tax. In the instant matter, the Court would find a stay violation even if the excise tax were *not* dischargeable in the Debtor's bankruptcy case. The issue is not whether the tax is dischargeable but whether Chapter 60A of the Massachusetts General Laws is athwart federal bankruptcy law—specifically, the automatic stay—when it is invoked, unilaterally and without relief from the automatic stay, as a justification for the postpetition collection of a prepetition debt.

11

## ORDER

For the reasons set forth above, the Court hereby **denies** Debtor's motion for partial judgment on the pleadings as to the stay violation and also **denies** the Town's motion for judgment on the pleadings as to both counts.

The Court will issue a revised pretrial order. Noting that the parties have disregarded the deadlines established by the Court in its original pretrial order of November 12, 2004, the parties are hereby cautioned that, although they are free to propose an alternate, agreed discovery plan of their own, they are not free to modify and disregard court established deadlines without leave of court.

Date: August 24, 2005

Robert Somma
United States Bankruptcy Judge

cc: Nicholas F. Ortiz for the Plaintiff
    David G. Baker for the Defendant